*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VISNA MATI,

        Plaintiff-Appellant,

UNPUBLISHED
March 9, 2023

v

No. 360754
Macomb Circuit Court
LC No. 2021-003678-NM

MARSHAL GARMO and MARSHAL GARMO, PC,

        Defendants-Appellees.

Before: GADOLA, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

Plaintiff, Visna Mati, appeals as of right the trial court's order granting defendants summary disposition of plaintiff's legal malpractice claim under MCR 2.116(C)(10). We affirm.

## I. FACTS

Plaintiff retained defendants, attorney Marshal Garmo and his law firm, Marshal Garmo, PC, to represent her in divorce proceedings. Plaintiff and her then-husband, Kameran Mati (Mati), have two minor children. Before divorcing, plaintiff and Mati jointly owned their marital home and a tobacco business.

At the initial hearing before the trial court in the divorce action, defendants informed the trial court that plaintiff and Mati had arrived at a settlement agreement and requested to place the terms of the settlement agreement on the record. Mati's counsel objected because Mati was not present at the hearing and had not confirmed the terms of the settlement with his attorney. The trial court permitted defendants to state the terms of the settlement on the record subject to later confirmation of the terms by the parties. Defendants stated that the terms of the agreement were that plaintiff would have physical custody of the children, the parties would share joint legal custody of the children, plaintiff would be awarded the parties' tobacco business, plaintiff would be awarded the marital home, she would sell the home and pay Mati $300,000 from the proceeds of the sale, the parties would each assume their own debts, Mati would pay plaintiff $500 monthly in child support, and the child support award would be modifiable in the future.

-1-

A second hearing was held before the trial court for the purpose of entering the judgment of divorce. At the hearing, Mati's counsel moved to withdraw from the case, indicating that Mati had left the country and she had not been able to contact him. The trial court granted counsel's request to withdraw and concluded the hearing. After the hearing, defendants submitted the written judgment of divorce, which the trial court entered October 7, 2019. The consent judgment was signed by defendants, plaintiff, and Mati, representing himself. The judgment states, in relevant part:

SUPPORT OF MINOR CHILD

IT IS FURTHER ORDERED AND ADJUDGED [that Mati] not pay any child support for the reason that plaintiff wife is being awarded the marital home and the tobacco business.

* * *

REAL PROPERTY

IT IS FURTHER ORDERED AND ADJUDGED that the residential property located at 49321 Oxley Road, Macomb, MI 48315 [is awarded to plaintiff] and [Mati] shall execute a quit claim deed in favor of the plaintiff. Plaintiff shall pay [Mati] the sum of $300,000 [at] the closing of the sale of the [marital] home to plaintiff's father.

* * *

CASE CLOSE

Except for the continuing issues of child custody, child support, continuing health care, and property transfers, this Consent Judgment disposes of the last pending claim of the parties and closes the case.

Two years later, plaintiff initiated this action against defendants alleging legal malpractice. Plaintiff claimed defendants were negligent in their representation of her because the judgment of divorce contained conflicting and inconsistent provisions. Specifically, plaintiff claimed the judgment of divorce indicated Mati would not have to pay child support because plaintiff was awarded the marital home and tobacco business, and that these terms conflict with the provision requiring her to pay a portion of the proceeds from the sale of the marital home to Mati. Plaintiff claimed that as a result of defendants' negligence she did not receive a fair distribution of the marital assets and child support.

In lieu of answering plaintiff's complaint, defendants moved for summary disposition under MCR 2.116(C)(8) and (10), contending that plaintiff failed to establish that defendants were the proximate cause of her injuries. Defendants argued that plaintiff voluntarily entered into the settlement and defendants did not compel or coerce plaintiff to sign the agreement. Defendants further argued that the terms of the judgment of divorce did not conflict and that plaintiff could seek child support under the terms of the judgment of divorce. Plaintiff argued that summary disposition was unwarranted and also premature because discovery had not yet taken place.

Plaintiff requested the trial court grant summary disposition in her favor under MCR 2.116(I)(2), or deny defendants' motion because there was a genuine issue of material fact regarding defendants' negligence.

The trial court granted defendants summary disposition under MCR 2.116(C)(10), finding that no genuine issue of material fact existed. The trial court found that no evidence indicated defendants mispresented the terms of the judgment of divorce; plaintiff presumptively was aware of and assented to the terms in the judgment, and there was no evidence of coercion. The trial court noted that the settlement terms earlier placed on the record were not binding because there had been no mutual assent by the parties. The trial court further found that the provisions regarding the marital home and child support were not inconsistent, and that the child support provision in the judgment was modifiable. The trial court concluded that plaintiff's alleged injuries therefore were not proximately caused by defendants' alleged negligence, but were attributable to plaintiff's failure to seek child support after entry of the judgment.

## II. DISCUSSION

Plaintiff contends that the trial court erred by granting defendants summary disposition because a genuine issue of material fact existed regarding plaintiff's claim of legal malpractice. Plaintiff also contends that summary disposition was premature because discovery had not yet taken place. We disagree.

We review de novo the trial court's decision to grant or deny a motion for summary disposition. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the plaintiff's claim and is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160. A judgment of divorce entered as a settlement between the parties is a contract, the interpretation of which we review de novo. *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019).

To establish legal malpractice, the plaintiff must prove (1) the existence of an attorney-client relationship, (2) negligence in the legal representation of the plaintiff, (3) that the negligence proximately caused the injury, and (4) injury. *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995). In this case, the parties agree that an attorney-client relationship existed. To prove the second element, that the defendant attorney negligently represented the plaintiff, the plaintiff must prove that the defendant breached the professional standard of care. *Broz v Plante & Moran*, 331 Mich App 39, 53; 951 NW2d 64 (2020). Generally, an attorney is required to "act as would an attorney of ordinary learning, judgment, or skill under the same or similar circumstances." *Simko*, 448 Mich at 650. But while an attorney has the responsibility to develop a strategy or pursue representation consistent with the law, an attorney is not an insurer of the most favorable possible outcome for his or her client. *Id*. at 656-657. In addition, an attorney is not required to exercise "extraordinary diligence or act beyond the knowledge, skill, and ability ordinarily possessed by

members of the legal profession. Further, where an attorney acts in good faith and in honest belief that his acts and omissions are well founded in law and are in the best interest of [the] client, [the attorney] is not answerable for mere errors in judgment." *Estate of Mitchell v Dougherty*, 249 Mich App 668, 677; 644 NW2d 391 (2002) (quotation marks and citations omitted).

The third element requires the plaintiff to prove proximate cause, which is cause in fact and legal (or proximate) causation; to prove proximate cause the plaintiff must prove that she would have been successful in the underlying matter but for the attorney's malpractice. *Patel v FisherBroyles*, LLP, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357092); slip op at 3. The plaintiff also must demonstrate injury as a result of her attorney's malpractice. *Simko*, 448 Mich at 655.

In this case, the trial court found that plaintiff failed to establish that defendants' alleged negligence proximately caused her alleged injuries. The trial court reasoned:

> Notwithstanding, the mere fact that the Consent Judgment of Divorce provides plaintiff waived child support in exchange for receiving the marital home and the tobacco business in one provision, and required plaintiff to pay $300,000 to Kameran Mati for his interest in the marital home in another provision, does not establish the two provisions are inconsistent. The child support provision did not state plaintiff was receiving the marital home and tobacco business as her sole and/or exclusive property in exchange for waiving her right to child support. As a result, the property provision did not contradict the child support provision in awarding Kameran Mati $300,000 for his interest in the marital home. The value of the tobacco business – along with its income – also could have led plaintiff to waive child support and pay $300,000 to Kameran Mati for his interest in the marital home.

> Therefore, plaintiff has not established defendants' asserted negligence (assuming arguendo) was a proximate cause of her alleged injuries.

We agree that plaintiff failed to demonstrate proximate cause, and also failed to demonstrate negligence or injury. The parties signed a consent judgment of divorce, representing that they agreed to the terms set forth in that judgment. A consent judgment is a contract between the parties, and courts treat and interpret the judgment as such. *Brendel v Morris*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359226); slip op at 3. We enforce contracts as written and interpret them according to their plain language. *Id*. When a consent judgment of divorce is unambiguous, its interpretation is question of law for the court. *Holmes v Holmes*, 281 Mich App 575, 587; 760 NW2d 300 (2008). A consent judgment of divorce is thus a contract that we interpret according to the plain and ordinary meaning of the contract terms; we will not rewrite clear and unambiguous language or read words into plain contractual language. *In re Lett Estate*, 314 Mich App 587, 600; 887 NW2d 807 (2016).

Plaintiff contends that defendants were negligent because the consent judgment did not represent the agreement of the parties in two regards: (1) the judgment did not require Mati to pay child support, suggesting instead that the property settlement was in lieu of child support, and (2) the judgment nonetheless required plaintiff to sell the marital home and pay Mati $300,000.

Plaintiff argues that the judgment differs from the terms of the agreement that defendants initially placed on the record during the divorce proceedings, that plaintiff would be awarded the marital home and the tobacco business, plaintiff would sell the marital home and pay Mati $300,000 from the sale of the home, and Mati would pay $500 a month in child support. However, during the hearing, Mati's counsel objected, because Mati had not yet agreed to the terms of the settlement. The trial court permitted defendant to place the proposed terms on the record, but indicated that the terms were not yet agreed upon. Later, when granting defendants summary disposition of plaintiff's legal malpractice claim, the trial court found that the terms placed on the record in the divorce action were not a settlement because Mati had not agreed to the terms. Defendants' failure to later incorporate those terms into the consent judgment is not evidence of negligence because plaintiff failed to establish that those terms ever were agreed to by Mati.

Plaintiff suggests that although she signed the consent judgment, she thought the agreement included monthly child support payments of $500. Michigan law, however, presumes that a person who signs a written agreement understands the contents of the agreement. *Galea v FCA US LLC*, 323 Mich App 360, 369; 917 NW2d 694 (2018). Plaintiff is thus presumed to have known the terms of the consent judgment when she signed the judgment. Plaintiff argues that the trial court failed to analyze whether defendants negligently misrepresented the terms of the judgment of divorce to her when she signed it. However, plaintiff offered no substantive evidence, by affidavit or otherwise, to show defendants misrepresented the terms of the judgment of divorce, supporting the trial court's finding that "there is no evidence suggesting defendants misrepresented the terms of the Consent Judgment of Divorce to plaintiff and/or coerced her into signing it." Because plaintiff failed to present substantive evidence to support her claim that defendants misrepresented the terms contained in the judgment of divorce, plaintiff failed "to set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4); see *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999).

We further observe that plaintiff is not without a remedy. Generally, "consent judgments are final and binding upon the court and the parties, and cannot be modified absent fraud, mistake, or unconscionable advantage." *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008). However, "child support agreements entered in divorce actions always remain modifiable, depending upon changed circumstances." *Brendel*, ___ Mich App at ___; slip op at 4, quoting *Crego v Coleman*, 463 Mich 248, 256; 615 NW2d 218 (2000). Indeed, the plain language of the judgment of divorce in this case clearly states child support is a continuing issue subject to future alteration. The trial court in this case found that the child support provision is modifiable, and that plaintiff's alleged injuries result from her failure to seek modification of the child support award. Because plaintiff failed to demonstrate that defendants were the proximate cause of her alleged injury, the trial court did not err in granting summary disposition.

Plaintiff also contends that defendants were negligent because the real property provision in the judgment directly conflicts with the child support provision. When interpreting a contract, we determine the intent of the parties by giving the contract language its plain and ordinary meaning. *Magley v M & W Inc*, 325 Mich App 307, 317; 926 NW2d 1 (2018). "Inartfully worded or clumsily arranged contract terms do not render a contract ambiguous if it fairly admits of one interpretation," and an unambiguous contract must be enforced according to its terms. *Id.* (quotation marks and citation omitted). The language of a contract is ambiguous if two provisions

of the contract irreconcilably conflict with one another. *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003).

Under MCL 552.605(2)(c), the value of property may serve as a valid substitute for an award of child support calculated by the Child Support Formula. In this case, the relevant real property and child support provisions contained in the judgment of divorce state:

SUPPORT OF MINOR CHILD

IT IS FURTHER ORDERED AND ADJUDGED [that Mati] not pay any child support for the reason that plaintiff wife is being awarded the marital home and the tobacco business.

* * *

REAL PROPERTY

IT IS FURTHER ORDERED AND ADJUDGED that the residential property located at 49321 Oxley Road, Macomb, MI 48315 [is awarded to plaintiff] and [Mati] shall execute a quit claim deed in favor of the plaintiff. Plaintiff shall pay [Mati] the sum of $300,000 [at] the closing of the sale of the [marital] home to plaintiff's father.

At the first hearing, the proposed terms included plaintiff receiving the marital home and the tobacco business, in addition to $500 per month in child support. Plaintiff, who was planning to sell the home to her father, would be obligated to pay Mati $300,000 from the sale of the home. Under the consent judgment, plaintiff was awarded the tobacco business and the marital home. Plaintiff then sold the marital home, paid Mati $300,000, and received approximately $120,000 in equity from the sale. Plaintiff was not awarded child support.

In considering the child support and the real property provisions, the trial court found they did not conflict. The trial court observed that the marital home was not the only property granted to plaintiff in lieu of child support. The judgment of divorce contains other consideration, i.e., the tobacco business and its revenue, an agreement that Mati would pay 50% of the tobacco business's sales tax in excess of $30,000, and that Mati assumed responsibility for his own debts, which reasonably may have induced plaintiff to waive child support. Because these two provisions can be read harmoniously, plaintiff failed to show conflicting provisions in the judgment of divorce.

We further reject plaintiff's contention that summary disposition was premature because discovery had not yet taken place. Generally, summary disposition under MCR 2.116(C)(10) is premature before discovery on a disputed issue is complete, but may nonetheless be appropriate when further discovery does not stand a fair chance of uncovering factual support for the party's claims. *Bodnar v St John Providence, Inc*, 327 Mich App 203, 231; 933 NW2d 363 (2019). The party asserting that summary disposition is premature "must show that further discovery presents a fair likelihood of uncovering factual support for the party's position." *Mazzola v Deeplands Dev Co LLC*, 329 Mich App 216, 230; 942 NW2d 107 (2019) (quotation marks and citation omitted).

"Mere speculation that additional discovery might produce evidentiary support is not sufficient." *Caron v Cranbrook Educ Comm*, 298 Mich App 629, 646; 828 NW2d 99 (2012).

Here, plaintiff argues that if discovery were permitted she could question defendants about alleged discrepancies between the terms placed on the record and the judgment of divorce, as well as the conflicting terms contained within the judgment. Plaintiff further argues that defendants have mischaracterized the facts of the case, creating a genuine issue of material fact. Plaintiff's arguments, however, speculate about what evidence could be uncovered, but she fails to provide evidence to support her contentions. We therefore conclude that the trial court's grant of summary disposition to defendants was not premature. See *Coblentz v City of Novi*, 475 Mich 558, 570; 719 NW2d 73 (2006) (concluding that the plaintiffs did not establish that summary disposition was premature because they did not offer affidavits to support their contentions).

Affirmed.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Noah P. Hood